**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **BERNARD RENE SIMON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 2:26-00487-N** |
| | ) | |
| **TRANSCO LINES, INC. *and* TAMESHA SHAMINDA BROWN,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

# ORDER

This civil action is before the undersigned Magistrate Judge on review *sua sponte* of the Court's subject-matter jurisdiction.[1] Upon due consideration, the Defendants will be ordered to file an amended notice of removal to correct defects in its jurisdictional allegations, and Transco Lines, Inc. will also be ordered to file a disclosure statement as required by both the Federal Rules of Procedure and the

---

[1] "It is . . . axiomatic that the inferior federal courts are courts of limited jurisdiction. They are 'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, "it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Id.* at 410. "[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Id. See also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

"[R]emoval jurisdiction is no exception to a federal court's obligation to inquire into its own jurisdiction." *Univ. of S. Ala.*, 168 F.3d at 410. "[T]here is a presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Court's local rules.

The Defendants removed this case from the Circuit Court of Wilcox County, Alabama, under 28 U.S.C. § 1441(a), with the Notice of Removal (Doc# 1) alleging diversity of citizenship under 28 U.S.C. § 1332(a) as the sole basis for original subject-matter jurisdiction over this case. *See* 28 U.S.C. § 1446(a) ("A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal…containing a short and plain statement of the grounds for removal…"); *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997) (generally, "[i]n a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).").

Where, as here, a case is removed from state court, "[t]he burden of establishing subject matter jurisdiction falls on the party invoking removal." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411–12 (11th Cir. 1999). *Accord, e.g.*, *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) ("The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction."). "A defendant may remove an action to a district court that would have original jurisdiction if complete diversity between the parties exists and the amount in controversy exceeds $75,000." *City of Vestavia Hills*, 676 F.3d at 1313 (citing 28 U.S.C. § 1332). "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). "A party removing a case to federal court based

on diversity of citizenship bears the burden of establishing the citizenship of the parties." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). *See also, e.g.*, *McGovern v. Am. Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (per curiam) ("When jurisdiction depends on citizenship, citizenship should be distinctly and affirmatively alleged." (quotation omitted)); *Ray v. Bird & Son & Asset Realization Co., Inc.*, 519 F.2d 1081, 1082 (5th Cir. 1975) ("The burden of pleading diversity of citizenship is upon the party invoking federal jurisdiction . . ." (citing *Mas v. Perry*, 489 F.2d 1396 (5th Cir. 1974)).[2] *Cf. Travaglio v. Am. Exp. Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013) ("When a plaintiff files suit in federal court, [the plaintiff] must allege facts that, if true, show federal subject matter jurisdiction over [the] case exists. Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant. Without such allegations, district courts are constitutionally obligated to dismiss the action altogether if the plaintiff does not cure the deficiency. That is, if a complaint's factual allegations do not assure the court it has subject matter jurisdiction, then the court is without power to do anything in the case." (citations omitted)).

The Defendants sufficiently allege that the Plaintiff, a natural person, is a

[2] On "October 1, 1981 pursuant to the Fifth Circuit Court of Appeals Reorganization Act of 1980, P.L. 96-452, 94 Stat. 1995, … the United States Court of Appeals for the Fifth Circuit was divided into two circuits, the Eleventh and the 'new Fifth.' " *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc). "The Eleventh Circuit, in the *en banc* decision *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981." *Smith v. Shook*, 237 F.3d 1322, 1325 n.1 (11th Cir. 2001) (per curiam).

"citizen of Alabama." (Doc# 1, PageID.3). However, Defendant Transco Lines, Inc., a corporation, alleges that it is "a citizen of the State of Arkansas for purposes of diversity jurisdiction" (Doc# 1, PageID.3), but does not allege "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 U.S.C. § 1332(c)(1). As for Defendant Tamesha Shaminda Brown, the notice of removal merely alleges that she is "not a citizen of Alabama." (Doc# 1, PageID.3). This does not meet Brown's burden to "distinctly and affirmatively allege[]" her own citizenship. *McGovern*, 511 F.2d at 654.[3]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653. "[T]he failure to establish a party's citizenship at the time of filing the removal notice is a procedural, rather than jurisdictional, defect." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009) (quotation omitted). "If a party fails to specifically allege citizenship in their notice of removal, the district court should allow that party 'to cure the omission,' as authorized by § 1653." *Id.* at 1297. Upon due consideration, the

---

[3] The law of this circuit is clear that "[c]itizenship, not residence, is the key fact that must be alleged . . . to establish diversity for a natural person[,]" *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994), and that "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." *McCormick v. Aderholt*, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (citations, quotations, and footnote omitted). That is, "domicile requires both residence in a state **and** 'an intention to remain there indefinitely....' " *Travaglio.*, 735 F.3d at 1269 (quoting *McCormick,* 293 F.3d at 1258 (internal quotation marks omitted)) (emphasis added). *See also Mas*, 489 F.2d at 1399 ("For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient.").

Defendants are **ORDERED** to file and serve, no later than **OCTOBER 30, 2026**, an amended Notice of Removal that corrects the above-described deficiencies in their allegations supporting subject-matter jurisdiction under § 1332(a). The failure to comply with this order may result in remand of this action *sua sponte* for lack of subject-matter jurisdiction under 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Additionally, Transco Lines, Inc. did not file a disclosure statement with its notice of removal or answer as required by Federal Rule of Civil Procedure 7.1 and S.D. Ala. Civil Local Rule 7.1. Transco is **ORDERED** to do so no later than **OCTOBER 30, 2026**, *using this Court's current form* (available at: https://www.alsd.uscourts.gov/sites/alsd/files/forms/CivilDisclosureStatement.pdf ).[4]

**DONE** and **ORDERED** this the **22nd** day of **October 2026**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

[4] Brown will not be required to file a disclosure statement under Federal Rule of Civil Procedure 7.1(a)(2) so long as she correctly alleges her state of citizenship in the amended notice of removal.